IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WAIMEA BAY ASSOCIATES ONE, LLC, ) | CIVIL NO. 05-00764 HG BMK |
| ) | |
| Plaintiff,         ) | **ORDER DENYING PLAINTIFF'S** |
| ) | **MOTION TO ALTER, AMEND OR** |
| vs.              ) | **VACATE JUDGMENT** |
| ) | |
| PETER YOUNG in his official        ) | |
| capacity as Chairman of the        ) | |
| Board of Land and Natural          ) | |
| Resources and Director of the      ) | |
| Department of Natural Resources )  | |
| of the State of Hawaii; and        ) | |
| TARYN R. SCHUMAN, GERALD L.        ) | |
| DeMELLO, RON AGOR, TIMOTHY         ) | |
| JOHNS, SAMUEL M. GON III, and      ) | |
| JERRY EDLAO in their official      ) | |
| capacities as members of the       ) | |
| Board of Land and Natural          ) | |
| Resources of the State of          ) | |
| Hawaii,                            ) | |
| ) | |
| Defendants.   ) | |
| ) | |
| _____ ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND
OR VACATE JUDGMENT**

Plaintiff Waimea Bay Associates One, LLC asks this Court to reconsider its Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Motion for Summary Judgment and Dismissing Action.  Plaintiff argues that H.A.R. § 13-5-23(L-6) creates an unconstitutional inequality between landowners within floodplains and coastal high hazard areas in the Limited subzone and all other landowners within the Limited subzone.  The Court found that H.A.R. § 13-5-23(L-6) is not unconstitutional because it is rationally related to a legitimate state interest.

For the reasons that follow, Plaintiff's motion is DENIED.

## PROCEDURAL HISTORY

On June 5, 2006, the Court entered an Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendants' Motion for Summary Judgment and Dismissing Action. ("Order", Doc. 27.)

On June 13, 2006, the Court entered final Judgment. ("Judgment", Doc. 28.)

The procedural history leading up to the Court's Order is set forth in detail in that Order and need not be repeated herein.

On June 27, 2006, Plaintiff filed a Motion to Alter, Amend or Vacate Judgment. ("Motion", Doc. 29.)

On July 5, 2006, Defendants filed an Opposition to Plaintiff's Motion to Alter, Amend or Vacate Judgment Filed June 27, 2006" ("Opposition", Doc. 30.)

On July 10, 2006, Plaintiff filed a reply to Defendants' Opposition to Plaintiff's Motion to Alter, Amend or Vacate Judgment filed June 27, 2006 ("Reply", Doc. 31.)

## STANDARD OF REVIEW

It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals.  First, the motion must demonstrate some reason why the court should

reconsider its prior decision.  See Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Hawaii 1999) (citation omitted).  Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Id. (citation omitted).

Fed. R. Civ. P. 59(e) provides:

> **Motion to Alter or Amend Judgment.**  Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

"Reconsideration of a judgment after its entry is 'an extraordinary remedy which should be used sparingly.'"  Rygg v. County of Maui, 122 F. Supp. 2d 1140, 1157 (D. Haw. 2000) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting 11 Charles A. Wright, et al. *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).  There are four basic grounds upon which a Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice···· Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

McDowell, 197 F.3d at 1255 n.1 (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).  A Rule 59(e) motion "'should not be granted, absent highly unusual circumstances, unless the

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Rygg, 122 F. Supp. 2d at 1157  (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

Fed. R. Civ. P. 60(b) also provides for relief from final judgment or order in certain circumstances.  Rule 60(b) states:

> **b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The United States Court of Appeals for the Ninth Circuit has held that the catchall provision in Rule 60(b)(6) is to be used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

"A motion for reconsideration of summary judgment is appropriately brought under either Federal Rule 59(e) or Federal Rule 60(b)." Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).

### **ANALYSIS**

Plaintiff has not shown that the case falls within any of the reasons set forth in Rule 59(e) or Rule 60(b).  As the Plaintiff essentially concedes, much of its Motion rehashes arguments already addressed in the parties' previous filings with this Court and the Court need not revisit those arguments on a motion for relief or for reconsideration.  (Motion at 2-6.); see Taylor, 871 F.2d at 805 ("Because Taylor presented no arguments in his motion for relief from judgment that had not already been raised in opposition to summary judgment, the trial court properly denied his motion.").

Plaintiff challenges the Court's acceptance of the Defendants' position that single family residences in floodplains and coastal high hazard areas in compliance with county regulations may pose less of a threat to the environment than such use in other geographical areas of the Limited subzone. (Motion at 6.)  Plaintiff claims that it is nearly always more detrimental to the environment to build within a floodplain or coastal high hazard area than elsewhere.  In

support of its argument, Plaintiff cites Defendants' expert report which noted that H.A.R. § 13-5-23(L-6) "did not take into account the potential that building in a coastal high hazard flood zone might conflict with natural beach changes; or that building in a riverine flood plain could, over the long-term, exacerbate flood hazards downstream or conflict with natural changes in the stream channel or in wetlands fed by the stream." (Motion at 7 (citing Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Counter-Motion for Summary Judgment at Exhibit 2 at 2.)).  Plaintiff does not cite any other relevant or admissible evidence regarding the environmental impact of development in areas within the Limited subzone.[1]

Defendants' expert report, which shows that Defendants did not consider certain environmental impacts of development in floodplains and coastal high hazard areas, does undermine the legitimacy of Defendants' position regarding the potential environmental impacts of development in floodplains and coastal

---

[1] Plaintiff cites a March 2000 newspaper article regarding the relationship between sea walls and increased beach erosion. (Motion at 7.)  The newspaper article explains the detrimental impact of sea walls on beach erosion.  The article favors the use of beach renourishment instead of sea walls as a means of protecting coastal properties.  The article does not support Plaintiff's argument that persons should be permitted to build single family residences within other areas of the Limited subzone *in addition* to floodplains or coastal high hazard areas. Also, the news article is not new evidence which Plaintiff could not have discovered prior to the Court's Order.  Plaintiff had access to the March 23, 2000 news article before the May 22, 2006 hearing in this case.

high hazard areas.  Defendants' expert report, however, is not evidence of how development in coastal high hazard areas and floodplains impacts the environment compared to development in other areas of the Limited subzone.  Environmental threats posed by development within other areas of the Limited subzone could be lesser than, equal to, or greater than the threats posed by development within floodplains and coastal high hazard areas.  The Court cannot force the BLNR to implement regulations that would permit residential development in all areas of the Limited subzone on the unsupported theory that development within other areas of the Limited subzone *may* be less harmful to natural resources than the already permitted development within floodplains and coastal high hazard areas.

In addition, while Defendants' position that development within floodplains or coastal high hazard areas may pose less of an environmental threat than development elsewhere within the Limited subzone is entitled to little weight, Defendants have provided other legitimate reasons as to why H.A.R. § 13-5-23(L-6) is rationally related to a legitimate government purpose.  (Order at 14-15.)

Plaintiff also argues that residential use is less burdensome on the environment than other permitted uses in the Limited subzone.  (Motion at 11.)  Again, where, as here, Defendants have put forth sufficient reasons for the Court to

find that H.A.R. § 13-5-23(L-6) is supported by a legitimate government purpose and is rationally related to the achievement of that legitimate purpose, the Court is not in a position to second guess the BLNR or to otherwise strike down a provision of the land use code.

Finally, Plaintiff has not challenged the Court's finding that its requested relief is unavailable. As stated in the Court's Order, if the Court were to sever H.A.R. § 13-5-23(L-6) as proposed by Plaintiff, it would increase the number of applicants for single family residential permits within the Limited subzone. This is directly contrary to the legislative purposes stated in Haw. Rev. Stat. § 183C-1 and H.A.R. § 13-5-12 to preserve fragile ecosystems and limit uses where the natural conditions suggest constraints on human activities.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter, Amend or Vacate Judgment (Doc. 29) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 18, 2006.



**/s/ Helen Gillmor**
Chief United States District Judge

---

Waimea Bay Associates One, LLC v. PETER YOUNG in his official capacity as Chairman of the Board of Land and Natural Resources and Director of the Department of Natural Resources of the State of Hawaii, et al.; Civil No. 05-00764 HG BMK; **ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE JUDGMENT**

9